**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 4:20-cv-10103-KMM

VALENTIN SPATARU

    Plaintiff,
v.

WALMART STORES, INC., *et al.*,

    Defendants.
    _____/

## **ORDER**

THIS CAUSE came before the Court upon *pro se* Plaintiff Valentin Spataru's ("Plaintiff") Motion for Leave to Proceed *In Forma Pauperis*. ("Mot.") (ECF No. 3). On September 4, 2020, Plaintiff filed a Complaint against Walmart Stores, Inc., Alvaro Castillo, Jane Guard and John Manager (collectively, "Defendants"). ("Compl.") (ECF No. 1). On the same day, Plaintiff filed the instant Motion. Therefore, the screening provisions of 28 U.S.C. § 1915(e) apply.

Pursuant to § 1915(e), the court is permitted to dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. § 1915(e). A *pro se* litigant is entitled to the court's liberal construction of the complaint. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, even under the liberal construction afforded to *pro se* litigants, the complaint must establish a valid cause of action. *See Petersen v. Smith*, 762 F. App'x 585, 593 (11th Cir. 2019).

Section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, and courts apply the same standard in both contexts. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, a complaint "must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, dismissal of Plaintiff's Complaint is warranted because the Complaint fails to state a claim. Specifically, in the Complaint, Plaintiff does not state what claims or causes of actions that he brings against Defendants nor does he allege how Defendants harmed him. *See generally* Compl. Rather, Plaintiff states that he has "not been able to print [the Complaint] due to COVID virus but [he] will print [the Complaint] and send ASAP." *Id.* at 1. Thus, the Complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Nevertheless, § 1915 does not permit courts to dismiss a complaint without granting the plaintiff an opportunity to amend, unless amendment would be futile. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). The Court is unable to ascertain whether amendment would be futile because Plaintiff does not allege the factual basis of his claims. Thus, the Court will permit Plaintiff an opportunity to file an amended complaint. The amended complaint must contain a short and plain statement of the factual allegations underlying Plaintiff's claims against Defendants. Fed. R. Civ. P. 8(a)(2).

Accordingly, UPON CONSIDERATION of the Motion, the Complaint, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE and the Motion to Proceed *In Forma Pauperis* (ECF No. 3) is DENIED AS MOOT. It is FURTHER ORDERED that Plaintiff shall file an amended complaint on or before September 29, 2020. Failure to do so will result in dismissal of this action for failure to prosecute and obey court orders. *See* Fed. R. Civ. P. 41(b); *Lewis v. Fla. Dep't of Corr.*, 739 F. App'x 585, 586 (11th Cir. 2018).

The Clerk of the Court is instructed to administratively CLOSE this case. All pending motions, if any, are denied as MOOT. The Court shall reopen this case upon Plaintiff's filing of an amended complaint that complies with this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this  9th  day of September, 2020.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:      Plaintiff, *pro se*